E. CARLTON FOSTER et al., Appellants, *v.* GEORGE H. R. WHITE, Respondent.

Argued October 12, 1938; decided November 29, 1938.

*Halsey Sayles* and *Homer C. Pelton* for appellants. The contract under which defendant was serving at the time of the severance of his relations with the plaintiffs was terminable at will. (*White* v. *United States Gypsum Co.*, 137 Mich. 596; *Schott* v. *La Compagnie Trans-Atlantique*, 52 Misc. Rep. 236.)

*Eugene J. Dwyer* and *John E. Sheridan* for respondent. The new findings of fact made by the Appellate Division were fully justified by the evidence. (*Ginsberg* v. *Friedman,* 146 App. Div. 779; *Woolsey* v. *Funke,* 121 N. Y. 87; *Carthage Tissue Paper Mills* v. *Village of Carthage,* 200 N. Y. 1; *Kerr* v. *Purdy,* 51 N. Y. 629; *People's Bank* v. *Mitchell,* 73 N. Y. 406; *Adams* v. *Fitzpatrick,* 125 N. Y. 124; *Pomerantz* v. *Polonsky,* 103 Misc. Rep. 246.)

O'BRIEN, J. The purpose of this action is to enjoin defendant from practicing as a physician and surgeon in Yates county.

In December, 1932, these parties entered into an agreement whereby plaintiffs, who maintain a medical center at Penn Yan known as the Foster-Hatch Medical Group, employed defendant as a physician and surgeon. By this agreement defendant contracted that he would not, without the written consent of plaintiffs, practice his profession in Yates county. In reference to this provision, the agreement embraces this vital clause: " It is hereby expressly agreed by the said Dr. George White that this is a material and essential part of this contract, and that it is made for *the sole purpose of inducing the said party of the first part [plaintiffs] to enter into these articles of agreement.*" August 24, 1935, defendant's employment with plaintiffs was terminated by them and since that time defendant has practiced his profession in Yates county without the written consent of plaintiffs.

The agreement, by its terms, embraces the period between December 19, 1932, and December 31, 1933, a duration of a few days in excess of one year. No other written contract was ever executed. Defendant violated it.

The theory upon which the Appellate Division has denied relief to plaintiffs is to be found in these two new findings of fact: " (a) That the written agreement of December 19, 1932, was, by consent of the parties,

carried over, extended and continued until August 24, 1935; (b) that the plaintiffs discharged defendant from their employment for an insufficient and invalid reason." The official referee refused to find as a fact that " said agreement of December, 1932, was carried over and continued from year to year, and was in full force and effect until the termination of defendant's employment by the plaintiffs in the third week of August, 1935."

We think that the weight of evidence is in accord with the referee's ruling. The contract of December 19, 1932, by its terms, expired December 31, 1933. Although one of the plaintiffs testified at one time during the trial that he was under the impression that the contract of December, 1932, held over from year to year, at another time he testified that it was not his understanding that they were working on the assumption that the contract held over but that subsequent changes were made. Defendant alleges a new contract, not only by the pleading in his answer and in his bill of particulars, but testified directly in respect to negotiations for new formal contracts in January, 1934, and later occasions. The answer alleges that at the expiration of the December, 1932, contract, a new agreement was made in its place and that in August, 1934, a new working agreement was made between these parties. Defendant's bill of particulars alleges that about January 1, 1934, an oral agreement was made by which the December, 1932, agreement was " rescinded, superseded and abandoned." Defendant testified that in January, 1934, one of the plaintiffs suggested that defendant and other employees should try working under a new agreement for at least six months without signing the proposed contract, that he became a member of a committee and that when he was asked whether he was willing to try the new plan for six months he replied " all right." The evidence does not warrant the conclusion that there was a meeting of the minds that the old contract held over.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court. (See 279 N. Y. 786.)

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.